2.

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

IN THE UNITED STATE DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Mar 18  4 07 PM '02

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| JOHN GILMOUR and ROBERTA GILMOUR, Plaintiffs | ) ) ) ) ) |
| v. | ) CIVIL ACTION NO. 2:02-cv-71 ) |
| STATE FARM INSURANCE Defendant | ) ) |

## ANSWER

Defendant State Farm Insurance (properly named State Farm Mutual Automobile Insurance Company) answers Plaintiffs' Complaint as follows:

1. Admitted, upon information and belief.

2. With respect to "[t]he Defendant is State Farm Insurance", the name of the entity that issued the Policy to Plaintiffs is State Farm Mutual Automibile Insurance Company. Admitted that said Defendant "maintains an office in the City of South Burlington, in the County of Chittenden and State of Vermont." Admitted that said Defendant "is not registered with the Vermont Secretary of State"; however, as required by law, said Defendant is registered with the Vermont Department of Banking, Insurance, Securities & Health Care Administration.

3. Legal conclusion and denied.

4. Admitted that "Plaintiffs contracted with [said Defendant] Insurance for automobile insurance and motorcycle insurance." Denied that "[t]he Auto Policy is

PIERSON WADHAMS
QUINN & YATES
LAW OFFICES
253 SOUTH UNION STREET
BURLINGTON, VERMONT
05401

number V01 0893-808-45A and the Motorcycle Echo Application number was 45-3020-R12." Admitted that "Plaintiffs had separate policies for both their automobile and the motorcycle." Denied that "no discounts were given to the Plaintiffs for either of these separate policies."

5. Admitted, upon information and belief.

6. Admitted.

7. Without information and therefore denied with respect to whether, "[o]n August 8, 1998, Mr. Gilmour suffered injuries as a result of a motorcycle accident," and whether "[a]s a result of accident Mr. Gilmour suffered extensive injuries and became disabled." Denied that "[t]he Plaintiff was not contributorily negligent in the operation of his motorcycle and the uninsured motorist was sole cause of the accident." Denied that "[t]he injuries the Plaintiffs sustained were the proxime [sic.] cause of the negligence of the uninsured motorist."

8. Admitted that "[t]he Plaintiffs informed [said Defendant] of the accident" but denied that Plaintiffs "inquired about coverage after they learned that the other driver involved in the accident did not have insurance." Denied that "Mrs. Gilmour made timely demand of the Defendant for payment of Plaintiffs' damages" and denied that payment of damages was "provided by the terms of the insurance policy." Denied that "Defendant refused and still refuses payment of the demanded sum or any part of it."

9. Denied that "[said Defendant] informed the Mrs. Gilmour [sic.] orally that she was not entitled to coverage for this claim." Admitted that "[said Defendant] never

PIERSON WADHAMS
QUINN & YATES
LAW OFFICES
253 SOUTH UNION STREET
BURLINGTON, VERMONT
05401

2

sent anything in writing concerning Mrs. Gilmour inquiry [*sic.*] for coverage for her husband's medical bills and personal injury."

10.      Admitted.

## COUNT ONE
**(Breach of an implied covenant of good faith and fair dealing & breach of contract.)**

11.      See above answers.

12.      Legal conclusion and denied.

13.      Legal conclusion and denied.

14.      Admitted that "[t]he Defendant made promises and sold services to the Plaintiffs" but denied that Defendant "knew the expectations of the Plaintiff at the time the services were sold." Admitted that '[t]he services provided to the Plaintiffs were also contained in contracts which were provided to the Plaintiffs."

15.      Admitted.

16.      Admitted that "[t]he Defendant supplied insurance to the Plaintiff," but denied that the insurance would provide payment for all "personal injury [arising from] an accident." Denied that the insurance policy covered "the type of injury Mr. Gilmour suffered as a result of the accident on August 8, 1998." Denied as to all other allegations.

17.      Admitted that Defendant did not "pay for damages caused in the accident on August 8, 1998 for injuries." Denied as to all other allegations.

18.      Admitted.

19.      Legal conclusion and denied.

PIERSON WADHAMS
QUINN & YATES
LAW OFFICES
253 SOUTH UNION STREET
BURLINGTON, VERMONT
05401

3

## COUNT TWO
(Bad Faith and Actual Fraud)

20. See above answers.

21. Denied.

22. Denied.

23. Denied that Plaintiff made a demand for coverage under the Policy. Admitted that "Defendant never put in writing or explained any grounds or reasons for its denial of the Plaintiffs['] request for coverage under its policy."

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## COUNT THREE
(Consumer Fraud)

28. See above answers.

29. Legal conclusion and denied.

30. Admitted.

31. Legal conclusion and denied.

32. Denied.

33. Legal conclusion and denied.

34. Denied.

35. See above answers.

PIERSON WADHAMS
QUINN & YATES
LAW OFFICES
253 SOUTH UNION STREET
BURLINGTON, VERMONT
05401

## AFFIRMATIVE DEFENSES

1. Statute of Limitations.

2. Waiver.

3. Estoppel.

4. Laches.

5. Failure to mitigate damages.

6. Plaintiffs never made a demand for payment for Plaintiffs' medical bills.

7. The Policy does not provide for payment of Plaintiffs' alleged damages arising from the August 8, 1998 accident, pursuant to the following Policy provision:

> We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.

Policy, page 7.

8. Plaintiffs fail to state a claim upon which relief may be granted under <u>Bushey v. Allstate Insurance Company</u>, 164 Vt. 399, 402, 670 A.2d 807, 810 (1995), which provides:

> [t]o establish a claim for bad faith, [Plaintiffs] must show that (1) the insurance company had no reasonable basis to deny the benefits of the policy, and (2) the company knew or recklessly disregarded the fact that no reasonable basis existed for denying the claim.

<u>Id.</u>

PIERSON WADHAMS
QUINN & YATES
LAW OFFICES
253 SOUTH UNION STREET
BURLINGTON, VERMONT
05401

Dated at Burlington, Vermont, this 18th day of March, 2002.

PIERSON WADHAMS QUINN & YATES
ATTORNEYS FOR DEFENDANT
STATE FARM INSURANCE COMPANY

By: *Robin Ober Cooley*
Robin Ober Cooley, Esq.

cc: Thomas Nuovo, Esq.
Clerk, Chittenden Superior Court

PIERSON WADHAMS
QUINN & YATES
LAW OFFICES
253 SOUTH UNION STREET
BURLINGTON, VERMONT
05401

6

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JOHN GILMOUR and )
ROBERTA GILMOUR )
)
V. ) Case No. _____
)
STATE FARM INSURANCE )

## CERTIFICATE OF SERVICE

On this 18th day of March 2002, I hereby served Defendant's Answer on Plaintiffs by mailing a copy to the following:

Thomas C. Nuoyo, Esq.                Clerk, Chittenden Superior Court
Bauer, Anderson & Gravel             P.O. Box 187
P.O. Box 607                         Burlington, Vermont 05402-0187
Burlington, Vermont 05402-0607

PIERSON, WADHAMS, QUINN & YATES
ATTORNEYS FOR DEFENDANT
STATE FARM INSURANCE

By _Robin Ober Corley_____
    for  Richard H. Wadhams, Jr., Esq.

PIERSON WADHAMS
QUINN & YATES
LAW OFFICES
253 SOUTH UNION STREET
BURLINGTON, VERMONT
05401